R E C E I V E D
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAN 31 2020

FILED_____
DOCKETED_____
                    DATE          INITIAL

**Case No. 19-56523**

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

Peter Strojnik

Plaintiff – Appellant,

v.

Four Sisters Inns, Inc.

Defendants – Appellees

Appeal from the United States District Court for the Central District of California

# APPELLANT'S OPENING BRIEF

Peter Strojnik
7847 N. Central Avenue
Phoenix, Arizona 85020
*Pro se*

1

**Case No. 19-56523**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

---

Peter Strojnik

Plaintiff – Appellant,

v.

Four Sisters Inns, Inc.

Defendants – Appellees

Appeal from the United States District Court for the Central District of California

# APPELLANT'S OPENING BRIEF

Peter Strojnik
7847 N. Central Avenue
Phoenix, Arizona 85020
*Pro se*

1

# **TABLE OF CONTENTS**

## **TITLE**                                              **PAGE**

Table of Contents…………………………………………………..  2

Table of Authorities………………………………………………  3

Jurisdictional Statement…………………………………………  5

Statement of Issues for Review………………………………………...  6

Statement of the Case………………………………………………..  6

Statement of Facts Relevant to the Issues……………………………  7

Summary of Appellant's Argument……………………………………  8

Argument…………………………………………………………..  9

Conclusion………………………………………………………… 20

Statement of Related Cases……………………………………… 21

Certificate of Compliance of Brief…………………………………. 23

Certificate of Service……………………………………………… 24

# TABLE OF AUTHORITIES

**AUTHORITY**                                      **PAGE(s)**

*AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631 (9th Cir. 2012)……………………………………………………………….. 9

*Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939 (9th Cir. 2011)……………………………………………………………….. 14, 15

*Civil Rights Education and Enforcement Center v. Hospitality Properties Trust*, 867 F.3d 1093, 1099 (9th Cir. 2017)…………… 8, 9, 10, 15, 18, 19

*D'Lil v. Best Western Encina Lodge & Suites*, 539 F.3d 1031, (9th Cir. 2008)……………………………………………………….. 17

*D'Lil v. Stardust Vacation Club*, 2001 WL 1825832, at \*3……….. 17,

*Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1047 (9th Cir. 2008)……. 16, 17, 19

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003)……………………………………………………………… 20

*Foman v. Davis*, 371 U.S. 178, 182 (1962)………………………... 20

*Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)……………………………………………………………….. 8

*Lujan v. Defs. Of Wildlife*, 504 U.S. 560, 560 (1992)…………….... 10, 14

*Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1135 (9th Cir. 2002)……………………………………………………………. 10

*Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097 (9th Cir. 2004). 20

*Wilson v. Kayo Oil Co.*, 563 F.3d 979, 980 (9th Cir. 2009)………. 16

28 U.S.C. § 1291…………………………………………………….... 5

28 U.S.C. § 1331…………………………………………………….  5

28 U.S.C. § 1367…………………………………………………….  5

28CRF36.302………………………………………………………  6, 8

Fed. R. Civ. P. 12(b)(6)……………………………………………  9

Fed. R. Civ. P. 9(b)…………………………………………………  9, 11, 15, 18,

Fed.R.Civ.P. 15(a)(2)………………………………………………  20

## JURISDICTIONAL STATEMENT

### A. Basis for District Court's Subject-Matter Jurisdiction

The District Court had federal question jurisdiction. 28 U.S.C. § 1331. Appellant sued Appellee in the Central District of California pursuant to the Americans with Disabilities Act. The District Court had pendent jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

### B. Basis for Claiming Judgment is Final

The basis for this Court's jurisdiction of this appeal is found in 28 U.S.C. § 1291. The District Court's decision to dismiss Appellant's complaint with prejudice without leave to amend is a final decision.

### C. Filing Dates Establishing Timeliness of Appeal

Appellant timely mailed his Notice of Appeal to the District Court on December 30, 2019, ER 6. The Notice of Appeal was filed within thirty days from the District Court's order from which this appeal lies.

### D. Assertion That Appeal is From Final Order and Judgment

Appellant appeals a final order and judgment. The District Court entered a final order on December 9, 2019 when it dismissed Appellant's Complaint without leave to amend, ER 5, which disposed of all of Appellant's claims.

## STATEMENT OF ISSUES FOR REVIEW

1) Whether the District Court committed reversible error by dismissing the action for lack of standing.

   a. Whether the District Court applied the correct standing principles in a *facial* attack on its jurisdiction.

   b. Whether the District Court correctly analyzed the standing alternatives (1) injury in fact plus intent to return and (2) deterrence when considering Appellee's *facial* attack on jurisdiction.

2) Whether the District Court's denial of leave to ament was an abuse of discretion.

## STATEMENT OF THE CASE

Appellant brought suit against Appellee for violations of Title III of the ADA and corresponding state law Unruh Civil Rights Act, the California Disabled Persons Act, and negligence. Appellant alleged that Appellee violated 28 CFR § 36.302(e) and ADA architectural standards. ER 1 at ¶¶15-24 and Addendum A at pp 11-39.

Appellee moved to dismiss for lack of standing. ER 2. Appellant timely responded, ER 4, and Appellee replied, ER 3. The Court issued its order of dismissal with prejudice but without leave to amend. ER 5. Appellant timely filed his Notice of Appeal. ER 6 .

## STATEMENT OF FACTS RELEVANT TO THE ISSUES

Appellant is legally disabled due to a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, and a degenerative right knee. ER 1 at ¶ 3. Appellee owns a hotel located at 95065 219 West Channell Road, Santa Monica CA 90402. ER 1 ¶ 5.

Appellant intended to visit Santa Monica. *Id.* at ¶ 15. He reviewed hotel booking websites to find lodging. *Id.* ¶ 16. Appellant used third party booking websites and encountered Appellee's hotel. *Id.* ¶ 16. The third party booking websites did not identify and describe the accessibility features of Appellee's hotel. *Id.* ¶ 17.

Appellant then looked on Appellee's first party booking website. *Id.* ¶ 19. Appellee's website "failed to identify and describe mobility related accessibility features and guest rooms" in enough detail to allow Appellant to assess whether Appellee's hotel met his accessibility needs. *Id.* Appellant then reviewed online photos of Appellee's hotel, provided in Addendum A to the Complaint, which disclose architectural barriers to accessibility that violate the ADA and deny Appellee equal access. *Id.* ¶¶ 22, 23.

Appellant alleges that the ADA violations depicted in the photos in Addendum A to the Complaint would "interfere with [Appellant's] full and complete

7

enjoyment of the [h]otel" and as a result, Appellant did not book a room at Defendant's hotel". *Id.* ¶¶ 24, 25.

As a result of Appellee's non-compliance with 28 CFR § 302(e) and the ADAAG, Appellant booked a room elsewhere. *Id.* at ¶25.

## SUMMARY OF APPELLANT'S ARGUMENT

Appellant presents three main issues of disagreement with the Order Dismissing Case, ER 5:

1. First, the District Court's Order, ER 5, conflates a *facial* jurisdictional attack with a *factual* attack. The District Court recognized that Appellee's attack on jurisdiction was facial. However, it then applied factors considered in a *factual* jurisdictional attack which led to the erroneous result.

2. Second, the Court misapplied the holding in *CREEC*, infra.

3. Third, that the dismissal *with prejudice* was improper because there was no "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment". *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

8

## ARGUMENT

### 1. APPLICABLE STANDARD OF REVIEW

a. The Court of Appeals reviews the grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) de novo. *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011)

b. The Court of Appeals reviews denial of leave to amend for abuse of discretion. *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012).

c. The Court of Appeals reviews the applicability of the ADA to websites, and the interpretation of federal statutes and regulations *de novo. Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019), cert. denied, No. 18-1539, 2019 WL 4921438 (U.S. Oct. 7, 2019).

### 2. INITIAL OBSERVATIONS RELATING TO FACIAL ATTACKS ON STANDING: *CREEC* AND FED.R.CIV.P. 9(B)

#### A. The *CREEC* decision confirms Appellant's standing.

In *Civil Rights Education and Enforcement Center v. Hospitality Properties Trust*, 867 F.3d 1093, 1099 (9th Cir. 2017) ("CREEC") the 9th Circuit resolved the question whether the plaintiffs in an ADA lawsuit were "presently deterred from visiting [defendant's] hotels." Id. In determining whether standing was sufficiently pled, the court limited their evaluation to the pleadings. Id. The plaintiffs' complaint in CREEC stated that "they intend to visit the relevant hotels but have been deterred

from doing so by the hotels' noncompliance with the ADA." Id. The court concluded that "[plaintiffs'] harm is 'concrete and particularized,' and their intent to visit the hotels once they provide equivalent shuttle service for the disabled renders their harm 'actual or imminent, not conjectural or hypothetical.'" Id. (citing *Lujan v. Defs. Of Wildlife*, 504 U.S. 560, 560 (1992)).

Further, the defendant in *CREEC* contended, among other reasons, that plaintiffs (1) did not actually visit the hotels they just telephoned the hotel to inquire about transportation services available to disabled guests; (2) they do not intend to do so unless and until the alleged ADA violations are remedied; and (3) plaintiffs are motivated to visit the hotels only by their desire to test them for ADA compliance. Id. The court rejected all of defendant's arguments. First, the court held that "the purported requirement urged by [defendant] of a 'personal encounter' with an access barrier lacks foundation in Article III" and "actually visiting a hotel, as opposing to phoning, does not make a plaintiff's injury any more concrete." Id. The court further held that "[i]t is the plaintiff's 'actual knowledge' of a barrier, rather than the source of that knowledge, that is determinative." Id. (citing *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1135 (9th Cir. 2002)). As to the issue of personally encountering of a barrier, the court rejected defendants "invitation to create a bright-line predicate of a 'personal encounter' with a barrier to access as a requirement for standing under the ADA Title III." Id. at 1100.

Moreover, the court held that the named plaintiffs need not intend to visit the hotels until after remediation. *Id.* The court rejected defendant's argument that plaintiff must establish sufficient likelihood that they will again be wronged in a similar way because the injury continues so long as the equivalent access is denied. *Id.* at 1100-01. While relying on Tenth Circuit case law, the court held that the motivation to visit is irrelevant to the question of standing under Title III of the ADA and that, as ADA testers, their status does not deprive plaintiffs of standing. Id. at 1102.

**B. FED.R.CIV.P. 9(b) confirms that Appellant's allegations relative to "intent", "knowledge" and "conditions of a person's mind" (deterrence) may be alleged generally.**

Rule 9 (b) provides that [m]alice, **intent, knowledge,** and other **conditions of a person's mind** may be alleged generally. (Emphasis supplied.)

Rule 9(b) is significant in the context of a *facial* jurisdictional attack because (1) the "intent to return" element of jurisdiction, (2) the "knowledge" of ADA barriers and (3) Appellant's allegation of his "deterrent" condition of state of mind may be alleged generally.

While Appellant's allegations go well beyond the requirement of Rule 9(b), Rule 9(b) provides significant and conclusory support for Appellant's position.

**3. THE DISTRICT COURT ERRED IN DISMISSING WITH PREJUDICE THE ENTIRE ACTION.**

**A. Appellant's Allegations in Complaint, ER 1.**

11

The jurisdictional attack was *facial.* Therefore, Appellant restates the most

relevant allegations in the Complaint, ER 1:

3. Plaintiff is a single man currently residing in Maricopa County, Arizona. Plaintiff is and, at all times relevant hereto has been, legally disabled by virtue of a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, degenerative right knee and is therefore a member of a protected class under the ADA and Unruh.

4. Plaintiff suffers from physical impairments described above which impairments substantially limit his major life activities. Plaintiff walks with difficulty and pain and requires compliant mobility accessible features at places of public accommodation. Plaintiff's impairment is constant, but the degree of pain is episodic ranging from dull and numbing pain to extreme and excruciating agony.

***

10. The ADAAG violations in this Verified Complaint relate to barriers to Plaintiffs mobility. This impairs Plaintiff's full and equal access to the Hotel which, in turn, constitutes discrimination satisfying the "injury in fact" requirement of Article III of the United States Constitution.

11. Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA or State Law compliant as such compliance relates to Plaintiff's disability.

12. Plaintiff intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG; just as a disabled individual who intends to return to a noncompliant facility suffers an imminent injury from the facility's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

***

14. By virtue of his disability, Plaintiff requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted.

15. Plaintiff intended to visit the Santa Monica area and therefore, reviewed hotel booking websites as documented in Addendum A which is by this reference incorporated herein for all purposes.

16. Plaintiff became aware that third party booking websites disclosed general availability and description of Defendant's Hotel. Third Party booking websites referenced here are more fully documented in Addendum A which is by this reference incorporated herein.

17. Third party booking websites failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs as more fully documented in Addendum A.

18. Third party booking websites also failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms. *See* Addendum A.

19. Thereafter, Plaintiff became aware that Defendant's 1st party booking website failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs as more fully documented. *See* Addendum A.

20. Plaintiff also became aware that Defendant's 1st party booking website failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms. *See* Addendum A.

21. Plaintiff thereafter reviewed Defendant's online information relating to accessibility or lack thereof, including in particular photographs of the amenities at the Hotel all as more fully documented in Addendum A.

13

22. Online information relating to accessibility or lack thereof disclosed architectural barriers to accessibility as more fully documented in Addendum A.

23. Defendant has violated the ADA by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above and as outlined in Addendum A.

24. The ADA violations described in Addendum A relate to Plaintiff's disability and interfere with Plaintiff's full and complete enjoyment of the Hotel.

25. As a result of the deficiencies described above, Plaintiff declined to book a room at Defendant's Hotel but booked a room elsewhere.

26. The removal of accessibility barriers listed above is readily achievable.

27. As a direct and proximate result of ADA Violations, Defendant's failure to remove accessibility barriers prevented Plaintiff from equal access to the Defendant's public accommodation.

**B. Standing based on Appellant's Allegations:**

In order to have constitutional standing, Plaintiff must demonstrate that (1) he has suffered an injury-in fact that is both concrete and particularized and actual or imminent; (2) the injury is traceable to the defendant's challenged action; and (3) it is likely that a favorable decision will redress the injury. *Lujan,* supra. In ADA cases, courts have been instructed "to take a broad view of constitutional standing . . . especially where, as under the ADA, private enforcement suits are the primary method of obtaining compliance with the Act." *Chapman v. Pier 1 Imports (U.S.)*

*Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (internal quotation marks and citations omitted).

The Ninth Circuit has explained that there are two ways an ADA plaintiff can show a cognizable injury-in-fact: (1) by showing injury-in-fact plus an intent to return to the facility at issue; or (2) showing that he was deterred from visiting the facility because he encountered barriers relating to his disability there. *Id.* at 949.

### 1. Alternative ADA standing 1: Injury in fact plus intent to return.

#### a. Injury in Fact

In *CREEC*, the Court of Appeals stated, 867 F.3d at 1099:

> A plaintiff experiences continuing adverse effects where a defendant's failure to comply with the ADA deters her from making use of the defendant's facility. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 953 (9th Cir. 2011) (en banc). We have dubbed this the "deterrent effect doctrine." *Id.* at 949-50. "[W]hen a plaintiff who is disabled within the meaning of the ADA has actual knowledge of illegal barriers at a public accommodation to which he or she desires access, that plaintiff need not engage in the 'futile gesture' of attempting to gain access in order to show actual injury. . . ." *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1135 (9th Cir. 2002) (quoting 42 U.S.C. § 12188(a)(1)). **"So long as the discriminatory conditions continue, and so long as a plaintiff is aware of them and remains deterred, the injury under the ADA continues."** *Id.* at 1137. (Emphasis supplied)

Here, Appellant's factual allegations follow the *CREEC* standard.

#### b. Intent to Return

District Court's discussion of the "intent to return" *factual* factors is irrelevant where the jurisdictional attack is *facial*.

15

First, "intent" may be alleged generally. Fed.R.Civ.P. 9(b).

Second, in a *facial* attack on standing, the minimal allegations that a plaintiff intends to return is sufficient on a motion to dismiss *See Wilson v. Kayo Oil Co.*, 563 F.3d 979, 980 (9th Cir. 2009).

> "Allegations that a plaintiff has visited a public accommodation on a prior occasion and is currently deterred from visiting that accommodation by accessibility barriers establish that a plaintiff's injury is actual or imminent." *Doran v. 7-Eleven*, 524 F.3d 1034, 1041 (9th Cir. 2008). Here, Wilson makes these minimal allegations, and therefore survives a facial attack on standing. See id. at 1041 ("Notwithstanding the [500-mile] distance between Doran's home and the 7-Eleven, there is an actual and imminent threat that, during his planned future visits to Anaheim, Doran will suffer harm as a result of the alleged barriers."). Because the district court "relie[d] solely on undisputed facts or on facts as they are represented by" Wilson, we express no opinion on whether Wilson 's allegations would survive a factual attack. (Footnote omitted)[1]

While irrelevant in a *facial* jurisdictional attack, the distance between Appellant's residence (Phoenix) and Appellee's Hotel (Santa Monica) is nevertheless addressed based on District Court's significant emphasis on this fact.

The distance factor works to confirm the standing *intent to return* requirement since Appellee's Hotel is meant to lodge individuals far from their residence. This is clear from the nature of lodging accommodations – they are provided to travelers from far away.

---

[1] Here, Appellant alleged that *he* himself reviewed relevant booking websites.

Further, the fact that "the public accommodation being sued is far from the plaintiff's home" is not dispositive, as the Ninth Circuit has "found actual or imminent injury sufficient to establish standing where plaintiff demonstrates an intent to return to the geographic area where the accommodation is located and a desire to visit the accommodation if it were made accessible." *D'Lil v. Best Western Encina Lodge & Suites*, 539 F.3d 1031, 1037 (9th Cir. 2008) (citing *Doran*, 524 F.3d at 1037-38 (plaintiff demonstrated actual or imminent injury where he established intent to return to 7-Eleven store 550 miles from home on his future trips, once the barriers to access were removed). Indeed, the key inquiry remains whether Plaintiff had a likelihood of returning to the Kashl's premises. *D'Lil v. Stardust Vacation Club*, 2001 WL 1825832, at *3. To satisfy this standard, Plaintiff "must demonstrate her intent to return to the [San Diego] area and, upon her return, her desire to stay at the [Radisson Rancho Bernardo] if it is made accessible." *Best Western*, 538 F.3d 1031, at 1037.

Current case bears significant similarity to *Best Western*. In *Best Western*, the Ninth Circuit Court of Appeals found sufficient evidence that the plaintiff intended to return to the Best Western Encina, located in Santa Barbara. The Ninth Circuit held that D'Lil had amply demonstrated her intent to return based on, *inter alia*, her testimony that she had a history of making trips to the Santa Barbara area, visited approximately 1-3 times a year, and because she had testified to three

17

upcoming trips. 538 F.3d at 1037-38. D'Lil declared that she "would like to return and use the subject Best Western Encina on a spontaneous, but full and equal basis. " *Id.* at 1038 (some quotation marks omitted).

In the current case, Appellant correctly and faithfully alleged his intent to return to the Santa Monica area, *see* Complaint, ER 1 at ¶12. Appellant alleged that as a result of ADA violations at the Hotel and the booking websites, he was deterred from visiting there. This deterrence remains in effect until such time as the hotel becomes fully ADA compliant. *CREEC.* In addition, while Appellant was deterred from staying at Appellee's hotel, he genuinely spent the night at Appellee's competitor, *see* ER 1 at ¶25:

> 25. As a result of the deficiencies described above, Plaintiff declined to book a room at Defendant's Hotel but booked a room elsewhere.

Appellant's *intent to return* was sufficiently pleaded in the Complaint.

### 26. Alternative ADA standing 2: Deterrence.

There are two distinct reasons why the District Court erred with respect to deterrence:

First, deterrence is a "state of mind" and, consequently, it may be alleged generally. Fed.R.Civ.P. 9(b). Along the same lines, his "knowledge" of accessibility barriers may also be alleged, as it was, generally. *Id.*

18

Second, "[A]n ADA plaintiff who ... has personal knowledge of at least one barrier related to his or her disability when he files a complaint and who has been deterred from attempting to gain access to the public accommodation because of that barrier, has suffered an injury in fact under Article III of the ADA." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1047 (9th Cir. 2008) *Doran* was modified by *CREEC* which confirmed that the *source* of knowledge is not determinative. *CREEC,* 867 F.3d at 1100.

Here, deterrence has been accurately and truthfully pled in the Complaint at ¶12. Deterrence was also *factually* proven by the fact that Appellant *actually* travelled to Pasadena and lodged at a competitor's hotel.

### 5. DISMISSAL WITHOUT LEAVE TO AMEND WAS ABUSE OF DISCRETION.

The District Court ruled:

> For the reasons discussed above, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's complaint. (ECF No. 6). At the conclusion of Plaintiff's Opposition, Plaintiff requests leave to amend "to the extent that the allegations in the complaint inadvertently omit sufficient jurisdictional allegations." (Opp'n 10.) However, Plaintiff argues that the complaint already includes facts sufficient to establish subject matter jurisdiction, which the Court finds insufficient, and Plaintiff fails to suggest what more he would add in amendment. (*See* Opp'n 3, 8–9.) As such, the Court finds amendment would be futile, and the case is **DISMISSED** without leave to amend.

ER 5 at 10:1-10.

The ruling is circular: Because Appellant believed that his 39 page Complaint provided sufficient facts to defeat a facial jurisdictional attack, he is precluded from

alleging additional facts. Under such standard, no leave to amend would ever be granted. This standard is also contrary to general practice in the District Courts which would grant the Appellant leave to amend if, in good faith and in compliance with Rule 11, he can correct the deficiencies found by the Court.

Courts "should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation and quotation marks omitted). Before granting leave, a court considers any potential bad faith, delay or futility regarding the proposed amendment, and the potential prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004).

Appellant submits that the District Court's denial of leave to amend would be an abuse of discretion *even if* this case involved a *factual* attack.

## **CONCLUSION AND PRAYER FOR RELIEF**

For the foregoing reasons, Appellant respectfully requests the District Court's dismissal with prejudice be reversed. Appellant further requests an award of costs, fees and expenses in connection with this Appeal.

///

///

RESPECTFULLY DATED this 23th day of January 2020.

Peter Strojnik (Sr.)
Pro Per

## STATEMENT OF RELATED CASES

There are no related cases that fit the criteria set forth in Circuit Rule 28-2.6. Appellant notes, however, that he has filed the following appeals that raise related issues:

1. *Strojnik v. Singpoli Group, LLC dba Dusitd2 Hotel Constance Pasadena*, No. 19-55310; and
2. *Strojnik v. Pasadena Robles Acquisition*, No. 19:56037; and
3. *Strojnik v. Kapalua Land Company et al,* No. 19:17110.

RESPECTFULLY DATED this 28th day of January 2020.

Peter Strojnik
Pro Per

22

## CERTIFICATE OF COMPLIANCE OF BRIEF

**9th Cir. Case Number: 19-56523**

I am the self-represented party.

**This brief contains 4392 ± words** in total. The brief's type size and typeface

comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief:

[ x ] complies with the word limit of Cir. R. 32-1.

**Signature** _____   **Date** 2010-01-28

23

# CERTIFICATE OF SERVICE

**9th Cir. Case Number 19-56523**

**Case Name**: *Strojnik v. Four Sisters Ins, Inc.*

I certify that I served on the person(s) listed below by mail the Appellant's Opening Brief and Excerpt of Record.

| Name | Address | Date Served (Mailed[2]) |
|---|---|---|
| Clerk, U.S. Court of Appeals for the Ninth Circuit (Original and 6 copies) | James R. Browning Courthouse U.S. Court of Appeals P.O. Box 193939 San Francisco, California 94119 | 2020-01-27 |
| Philip H. Stillman Attorney for Appellee Four Sisters Inns, Inc. | 3015 North Bay Road, Suite B Miami Beach, Florida 33140 | 2020-01-27 |

Signature _____  Date 2020-01-27

---

[2] Given to printing contractor for printing and mailing.