# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Case No. 19-56523

### PETER STROJNIK, SR.

### Appellant

### v.

### FOUR SISTERS INN, INC.
### Defendant and Appellee.

## APPELLEE'S MOTION TO SUMMARILY DISMISS APPEAL PURSUANT TO CIRCUIT RULE 3-6(A)

Philip H. Stillman, Esq.
STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
Miami Beach, Florida 33140
Telephone: (888) 235-4279
Facsimile: (888) 235-4279
pstillman@stillmanassociates.com

*Attorneys for Defendant and Appellee*

## INTRODUCTION

Pursuant to Local Circuit Rule 3-6(a), appellee Four Sisters Inn, Inc. moves this Court to summarily affirm the District Court's judgment in this appeal based on its Memorandum Decision in *Strojnik v. Pasadena Robles Acquisition*, No. 19-56037, 2020 U.S. App. LEXIS 11896 (9th Cir. Apr. 15, 2020) affirming the District Court's (Birotte, J) dismissal with prejudice of appellant Peter Strojnik's initial complaint. Because the complaints at issue in *Pasadena Robles* and in this appeal are literally identical but for the name of the defendant and the pictures attached as Addendum A to the Strojnik's complaints in both cases, there is no reason to put Four Sisters through the time an expense of preparing the Responding Brief in this case when this Court's decision in *Pasadena Robles* is completely dispositive of Strojnik's complaint in this case. As the Court can see from the complaints at issue in each of the appeals, they are cookie cutter versions of each other, and therefore the allegations that this Court determined to be inadequate in *Pasadena Robles* dictate the same result in this meritless appeal.

Counsel for Four Sisters Inn has conferred on this Motion with Mr. Strojnik, who is a lawyer disbarred for filing fraudulent ADA claims, and he opposes the requested relief and has refused to dismiss the appeal based on this Court's dispositive ruling in *Pasadena Robles*.

-1-

## STATEMENT OF FACTS

Plaintiff and appellee Peter Stronik is a former Arizona attorney who was disbarred for filing over 1700 fraudulent ADA actions in the federal and state courts. In particular, the Arizona State Bar stated that Strojnik was placed on Interim Suspension on July 11, 2018 because:

> Strojnik filed more than 1,700 complaints in a State Court and more than 160 complaints in a District Court alleging violations of the Americans with Disabilities Act (ADA) and the Arizonans with Disabilities Act (AzDA). In most cases, he would demand $5,000 in attorney's fees, regardless if the business remedied the violation. The cases filed were all very similar, alleging vague and non-specific violations. He collected approximately $1.2 million in settlements, which mainly consisted of attorney's fees.
>
> Strojnik initially claimed he conducted thorough investigations prior to filing lawsuits, but later conceded that he did not know the individuals who did the work, oftentimes contracting them from Craigslist. The time he spent on each case was minimal—preparation and review of complaints would take less than thirty minutes—which led to errors. He swore to have reviewed 10,000 "reports" with pictures of properties submitted by the investigators, however never visited many of the properties.
>
> The State Bar alleged that Stojnik engaged in conduct that has caused, or is likely to cause, immediate and substantial harm to clients, the public, or the administration of justice. A District Court said his tactics were extortionate. The Bar moved for the interim suspension and argued that he would continue filing lawsuits irrespective of rulings by other courts.

https://www.azbar.org/newsevents/newsreleases/2018/07/interimsuspension-peters

trojnik/. Strojnik was ultimately disbarred. Not deterred, as one Court recently held in dismissing a Strojnik ADA case with prejudice:

> A search of pacer.gov, sorted by date, reveals that three months after Plaintiff's law license was suspended, he began filing ADA access cases as a pro se litigant instead of filing them on behalf of clients. [citation omitted] Indeed, in less than four months, Plaintiff has filed twenty-six ADA actions as a pro se litigant. Rather than being a befuddled pro se litigant . . . Plaintiff is an experienced litigator who appears to have altered his business model to work around the loss of his license.

*Strojnik v. Singpoli Grp., LLC*, 2019 U.S. Dist. LEXIS 24494, at *3-4 (C.D. Cal. Feb. 14, 2019), *aff'd*, *Strojnik v. Singpoli Grp., LLC*, No. 19-55310, 2020 U.S. App. LEXIS 11910 (9th Cir. Apr. 15, 2020).

On March 20, 2019, Strojnik filed his complaint against Pasadena Robles Acquisition in the Central District of California, Case No. 2:19-cv-02067-AB-PJW, alleging violation of the ADA, violation of the California Unruh Act, the Disabled Persons Act and Negligence based on Four Sisters' alleged violation of the ADA. A copy of the Complaint is attached to the Stillman Declaration as <u>Exhibit 1.</u> On August 14, 2019, in *Strojnik v. Pasadena Robles Acquisition, LLC*, 2019 U.S. Dist. LEXIS 213070 (C.D.Cal. August 14, 2019), the District Court dismissed the complaint with prejudice for failing to allege standing, whether by alleging an injury in fact coupled with an intent to

return, or alleging deterrence based on his knowledge of barriers coupled with an intent to return when the alleged barriers had been remedied. The District Court further held that amendment of the complaint was futile. *Id.* Strojnik timely appealed.

On April 15, 2020, this Court affirmed the District Court in all respects, holding that:

> The district court properly dismissed Strojnik's ADA claim for lack of standing because Strojnik failed to demonstrate an intent to return to defendant's hotel or that he was deterred from visiting defendant's hotel. *See Chapman v. Pier1 Imports (U.S.) Inc.*, 631 F.3d 939, 950 (9th Cir. 2011) (an ADA plaintiff may establish injury for standing purposes by showing an "inten[t] to return to a noncompliant accommodation" or that the noncompliant accommodation deterred the plaintiff from visiting and the plaintiff "plans to visit [the] [*2] noncompliant accommodation in the future"); see also *Civil Rights Educ. & Enf'tCtr. v. Hosp.Props. Trust*, 867 F.3d 1093, 1100 (9th Cir. 2017) (district courts make "case-by-case determinations about whether a particular plaintiff's injury is imminent").

*Strojnik v. Pasadena Robles Acquisition*, No. 19-56037, 2020 U.S. App. LEXIS 11896 (9th Cir. Apr. 15, 2020) at *1-2.

On April 18, 2019, appellant Strojnik filed his complaint against Four Sisters Inn, Inc., which is the subject of this appeal, alleging violation of the ADA, violation of the California Unruh Act, the Disabled Persons Act and Negligence based on Four Sisters' alleged violation of the ADA. A copy of the Complaint is

-4-

attached to the Stillman Declaration as Exhibit 2. As this Court can see, apart from the name of the defendant, and the specific pictures listed on "Addendum A" to both complaints, the complaints are identical, right down to the same paragraph numbers of allegations, the language of the allegations, and even the captions underneath the various photographs on his "Addendum A."

On December 9, 2019, Strojnik's initial Complaint was also dismissed with prejudice for lack of standing in *Strojnik v. Four Sisters Inns, Inc.,* 2019 U.S. Dist. LEXIS 212094 (C.D.Cal. December 9, 2019), on the same grounds as set forth in *Pasadena Robles*. Strojnik timely appealed and that appeal is currently pending. Defendant's Responding Brief is currently due on April 30, 2020.[1]

## ARGUMENT
## I.
## IN LIGHT OF THIS COURT'S INTERVENING DECISION IN *PASADENA ROBLES*, THIS APPEAL SHOULD BE DISMISSED

---

[1] This Court should also note that the same allegations that this Court held were insufficient in *Pasadena Robles Acquisition* are currently the subject of Strojnik's appeal of the District Court's dismissal of his *Second* Amended Complaint in *Strojnik v. Orangewood, LLC*, Appeal No. 20-55162. In *Orangewood,* the district court first dismissed his Addendum A complaint identical to the complaint at issue in *Pasadena Robles Acquisition* and this appeal. However, the District Court gave Strojnik two additional opportunities to amend before dismissing the case for lack of standing with prejudice. The same reasons that this Court affirmed the dismissal in *Pasadena Robles* apply equally to his *Orangewood* appeal, and this Court should issue an Order to Show Cause re Dismissal in the *Orangewood* appeal as well.

Circuit Rule 3-6(a) provides that an appeal may be summarily dismissed if either (1) that clear error or an intervening court decision or recent legislation requires affirmance, reversal or vacation of the judgment or order appealed from, the grant or denial of a petition for review, or a remand for additional proceedings; or (2) that it is manifest that the questions on which the decision in the appeal or petition for review depends are so insubstantial as not to justify further proceedings. Both are present here.

A.    This Court's Intervening Court Decision Requires Affirmance Of The Judgment.

This Court's *Pasadena Robles* decision on April 15, 2020 is an "intervening court decision" that requires affirmance of the judgment appealed from in *this* appeal for the very simple reason that the *Pasadena Robles* appeal involves the identical complaint, right down to the way that Strojnik describes the alleged "violations" on his Addendum A. *See also*, this Court's April 14, 2020 decision affirming dismissal of Strojnik's initial complaint in *Strojnik v. Kapalua Land Co.*, Case: 19-17110 (9th Cir. April 14, 2020) which affirmed the district Court's decision in *Strojnik v. Kapalua Land Co.*, 2019 U.S. Dist. LEXIS 165525 (D. Haw. Aug. 26, 2019), another of Strojnik's cookie cutter complaints. Because *Four Sisters* is a carbon copy of *Pasadena Robles*, there is no reason why appellee

should have to brief the appeal.

B. <u>The Questions Raised In This Appeal Are So Insubstantial As To Not Justify Further Proceedings.</u>

It is manifest that the questions on which the decision in this appeal depends are so insubstantial as not to justify further proceedings. Two other courts have dismissed the same or virtually the same Strojnik complaint with prejudice in *Strojnik v. Orangewood, LLC*, 2020 U.S. Dist. LEXIS 11743(C.D.Cal. January 22, 2020) (currently on appeal) and *Strojnik v. Landry's Inc.*, 2019 U.S. Dist. LEXIS 223873 (S.D. Tex. Dec. 9, 2019).

Moreover, only by virtue of the federal courts' liberal policy to grant leave amend has Strojnik been able to continue his rampage through the California federal courts. The following courts have dismissed his "Addendum A" complaints *with* leave to amend, several including Rule 11 warnings in their Orders. *See* e.g., *Strojnik v. 1315 Orange LLC*, 2019 U.S. Dist. LEXIS 185481 (S.D. Cal. Oct. 25, 2019) ("series of grainy, murky photographs titled "Personal Barrier Encounters," with brief captions . . . does not identify any barriers that would affect Strojnik, deny him equal access, or deter him from staying at the hotel," *sua sponte* dismissing complaint); *Strojnik v. Hotel Circle GL Holdings, LLC*, 2019 U.S. Dist. LEXIS 20259 (E.D.Cal. November 21, 2019); *Strojnik v.*

*Bakersfield Convention Hotel I, LLC*, 2020 U.S. Dist. LEXIS 16339 (E.D.Cal. January 31, 2020); *Strojnik v. IA Lodging Napa First LLC,* 2020 U.S. Dist. LEXIS 32075 (N.D. Cal. Feb. 25, 2020); *Strojnik v. San Diego Farah Partners, L.P.*, 2020 U.S. Dist. LEXIS 36536, at *2 (S.D. Cal. Mar. 2, 2020) ("Strojnik, a litigant who has filed roughly 20 ADA suits in this district over the past year, is well aware that a 'list of alleged [statutory] violations cannot substitute for the factual allegations required . . . to satisfy Article III's requirement of an injury-in-fact.'"); *Strojnik v. Wickstrom Hosp., LLC*, 2020 U.S. Dist. LEXIS 52889 (E.D. Cal. Mar. 25, 2020); *Strojnik v. The Victus Group,* 2020 U.S. Dist. LEXIS 54117 (E.D. Cal. Mar. 27, 2020)(denying unopposed entry of default judgment and dismissing case for lack of standing); and *Strojnik v. Resort at Indian Springs, Inc.*, No. 19-cv-04616-SVK, 2019 U.S. Dist. LEXIS 218559, at *18 (N.D. Cal. Dec. 19, 2019).

In fact, the court in *Strojnik v. IA Lodging Napa First, LLC*, the district court had this to say about Strojnik:

> Finally, a cursory review of other cases Strojnik has filed in this district reveals that he has filed essentially identical complaints against other entities that merely replace the defendant's name and other minor details. *See, e.g., Strojnik v. Joie de Vivre Hospitality LLC*, No. 18-cv-6587-JSC; *Strojnik v. Marriott Int'l Inc.*, No. 18-cv-6586-EDL; *Strojnik v. 574 Escuela, LLC*, No. 18-cv-6777-JD; *Strojnik v. Benchmark Conference Resorts of California*, LLC, No.

-8-

> 18-7704-VKD. Much like the complaint in this case, those complaints do not allege specific dates or details regarding the defendants' alleged ADA violations.
>
> Strojnik's form complaint and generic opposition brief raise the question of whether his pleadings are made in good faith or whether he is merely relying on the federal court's liberal policy of granting leave to amend. The number of other, essentially identical, complaints he has filed in this district raise a concern that Strojnik files bare-bones complaints that do not meet pleading standards in order to pressure ADA defendants into settlements before the court can reach the merits of his claims.

*Strojnik v. IA Lodging Napa First LLC*, No. 19-cv-03983-DMR, 2020 U.S. Dist. LEXIS 32075, at *13-14 (N.D. Cal. Feb. 25, 2020). Accordingly, the issues raised in this appeal are so insubstantial that even assuming that this Court's affirmance in *Pasadena Robles* and *Kapalua Land Co.* were not dispositive of this appeal, the fact that eight other district courts have dismissed Strojnik's complaints on the identical grounds as those in *Pasadena Robles*, *Kapalua Land Co.*, *Four Sisters* and *Orangewood* show that the issues raised in this appeal are insubstantial and the district court's judgment should be summarily affirmed.

///

///

///

///

## CONCLUSION

For the foregoing reasons, defendant and appellee Four Sisters Inn, Inc. respectfully requests that this Court summarily affirm the District Court's judgment pursuant to Circuit Rule 3-6.

Respectfully submitted this 18th day of April, 2020.

/s/ *Philip H. Stillman*

_____

Philip H. Stillman

## CERTIFICATE OF COMPLIANCE

Pursuant to Ninth Circuit Rule 27(d)(2)(A), I certify that the foregoing Motion to Dismiss Appeal is proportionally spaced in serif font (Times New Roman style), has a typeface of 14 points, and contains 2,180 words, excluding the parts of the brief exempted by Rule 27(a)(2)(B). This Motion was prepared using WordPerfect and the word court was determined using the Corel WordPerfect word count application.

April 18, 2020 /s/ *Philip H. Stillman*

Philip H. Stillman, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of April, 2020 I electronically served the foregoing on all counsel of record via the ECF system and via email to the Appellant at the email address listed with the Court.

/s/ *Philip H. Stillman*

Philip H. Stillman