# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

## Case No. 19-56523

---

## PETER STROJNIK, SR.

### Appellant

### v.

## FOUR SISTERS INN, INC.
### Defendant and Appellee.

---

## APPELLEE'S MOTION FOR ATTORNEY'S FEES

---

Philip H. Stillman, Esq.
STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
Miami Beach, Florida 33140
Telephone: (888) 235-4279
Facsimile: (888) 235-4279
pstillman@stillmanassociates.com

*Attorneys for Defendant and Appellee*

**INTRODUCTION**

Pursuant to Local Circuit Rule 39-1.6, appellee Four Sisters Inn, Inc. moves this Court for an award of attorney's fees incurred in connection with Four Sisters' Motion for Summary Disposition of appellant Peter Strojnik's appeal, which motion was granted by this Court on June 26, 2020. This motion, filed on July10, 2020, is therefore timely pursuant to Local Circuit Rule 39-1.6(a). Four Sisters seeks an award of attorney's fees against Strojnik solely for the its reasonable attorney's fees incurred in preparing its Motion for Summary Disposition, prepared after Strojnik refused to voluntarily dismiss his appeal in light of this Court's controlling decision in *Strojnik v. Pasadena Robles Acquisition*, No. 19-56037, 2020 U.S. App. LEXIS 11896 (9ᵗʰ Cir. Apr. 15, 2020) affirming the District Court's (Birotte, J) dismissal with prejudice of appellant Peter Strojnik's initial complaint. Because the complaints at issue in *Pasadena Robles* and in this appeal are literally identical but for the name of the defendant and the pictures attached as Addendum A to the Strojnik's complaints in both cases, this Court's decision in *Pasadena Robles* is completely dispositive of Strojnik's appeal in this case.

Although counsel for Four Sisters requested that Strojnik dismiss the appeal on April 18, 2020 in light of the controlling and dispositive decision in *Pasadena*

-1-

*Robles*, Strojnik refused and necessitated the preparation of the Motion for

Summary Disposition, which this Court granted on June 26, 2020, holding that "A

review of the record and the opening brief indicates that the questions raised in

this appeal are so insubstantial as not to require further argument." Because the

*Pasadena Robles* decision was dispositive of this appeal, as of April 15, Strojnik

knew that his appeal no longer lacked any merit (if it ever did), and Fou Sisters is

therefore entitled to its attorney's fees pursuant to the Americans with Disabilities

Act, 42 U.S.C. § 12205, Local Circuit Rule 39 and 28 U.S.C § 1927.

### STATEMENT OF FACTS

A.    <u>Disbarred Lawyer Strojnik's Checkered Background As An ADA Plaintiff</u>.

Plaintiff and appellee Peter Stronik is a former Arizona attorney who was

disbarred for filing over 1700 fraudulent ADA actions in the federal and state

courts.

https://www.azbar.org/newsevents/newsreleases/2018/07/interimsuspension-peters

trojnik/. Strojnik was ultimately disbarred. Not deterred, as one Court recently

held in dismissing a Strojnik ADA case with prejudice:

> A search of pacer.gov, sorted by date, reveals that three months after
> Plaintiff's law license was suspended, he began filing ADA access
> cases as a pro se litigant instead of filing them on behalf of clients.
> [citation omitted] Indeed, in less than four months, Plaintiff has filed
> twenty-six ADA actions as a pro se litigant. Rather than being a

befuddled pro se litigant . . . Plaintiff is an experienced litigator who appears to have altered his business model to work around the loss of his license.

*Strojnik v. Singpoli Grp., LLC*, 2019 U.S. Dist. LEXIS 24494, at *3-4 (C.D. Cal. Feb. 14, 2019), *aff'd*, *Strojnik v. Singpoli Grp., LLC*, No. 19-55310, 2020 U.S. App. LEXIS 11910 (9th Cir. Apr. 15, 2020).

On April 19, 2020, Judge Selna declared Strojnik to be a vexatious litigant in the Central District of California. *Strojnik v. SCG American Construction, Inc.*, 8:19-cv-01560-JVS-JDE (C.D.Cal. April 19, 2020). Things did not improve for Strojnik afterwards. By May 31, 2020, more than 22 district courts had ruled that Strojnik's "addendum A" complaints or his subsequent "disability chart" complaints failed to allege standing. He still refused to dismiss this appeal. On June 1, 2020, Strojnik was also declared a vexatious litigant in the Northern District in a comprehensive order surveying 118 of Strojnik's cases. *Strojnik v. IA Lodging Napa First LLC*, 2020 U.S. Dist. LEXIS 95738 (N.D. Cal. June 1, 2020).

B.    Background And Resolution Of This Appeal.

On March 20, 2019, Strojnik filed his complaint against Pasadena Robles Acquisition in the Central District of California, Case No. 2:19-cv-02067-AB-PJW, alleging violation of the ADA, violation of the California Unruh Act, the Disabled Persons Act and Negligence based on Four

-3-

Sisters' alleged violation of the ADA. A copy of the Complaint is attached to the Stillman Declaration as <u>Exhibit 1.</u> On August 14, 2019, in *Strojnik v. Pasadena Robles Acquisition, LLC*, 2019 U.S. Dist. LEXIS 213070 (C.D.Cal. August 14, 2019), the District Court dismissed the complaint with prejudice for failing to allege standing, whether by alleging an injury in fact coupled with an intent to return, or alleging deterrence based on his knowledge of barriers coupled with an intent to return when the alleged barriers had been remedied. The District Court further held that amendment of the complaint was futile. *Id.* Strojnik timely appealed. On April 15, 2020, this Court affirmed the District Court in all respects, holding that:

> The district court properly dismissed Strojnik's ADA claim for lack of standing because Strojnik failed to demonstrate an intent to return to defendant's hotel or that he was deterred from visiting defendant's hotel. *See Chapman v. Pier1 Imports (U.S.) Inc*., 631 F.3d 939, 950 (9th Cir. 2011) (an ADA plaintiff may establish injury for standing purposes by showing an "inten[t] to return to a noncompliant accommodation" or that the noncompliant accommodation deterred the plaintiff from visiting and the plaintiff "plans to visit [the] noncompliant accommodation in the future"); see also *Civil Rights Educ. & Enf'tCtr. v. Hosp.Props. Trust*, 867 F.3d 1093, 1100 (9th Cir. 2017) (district courts make "case-by-case determinations about whether a particular plaintiff's injury is imminent").

*Strojnik v. Pasadena Robles Acquisition*, 801 F. App'x 569, 570 (9th Cir. Apr. 15, 2020) at *1-2.

-4-

On April 18, 2019, appellant Strojnik filed his complaint against Four Sisters Inn, Inc., which is the subject of this appeal, alleging violation of the ADA, violation of the California Unruh Act, the Disabled Persons Act and Negligence based on Four Sisters' alleged violation of the ADA. A copy of the Complaint is attached to the Stillman Declaration as Exhibit 2. As this Court can see, apart from the name of the defendant, and the specific pictures listed on "Addendum A" to both complaints, the complaints are identical, right down to the same paragraph numbers of allegations, the language of the allegations, and even the captions underneath the various photographs on his "Addendum A."

On December 9, 2019, Strojnik's initial Complaint was also dismissed with prejudice for lack of standing in *Strojnik v. Four Sisters Inns, Inc.,* 2019 U.S. Dist. LEXIS 212094 (C.D.Cal. December 9, 2019), on the same grounds as set forth in *Pasadena Robles*. Strojnik timely appealed.

On April 18, 2020, Four Sisters requested that Strojnik dismiss his appeal based on this Court's dispositive holding in *Pasadena Robles*. A copy of Four Sisters' April 18, 2020 email to Strojnik is attached to the Stillman Declaration as Exhibit 3. Strojnik refused. *Id.* Accordingly, Four Sisters filed a Motion for Summary Disposition, which this Court granted on June 26, 2020.

## LEGAL BASIS FOR AN AWARD OF ATTORNEY'S FEES

The attorney's fee provision of the ADA allows the court to award a prevailing private party "a reasonable attorney's fee, including litigation expenses, and costs." *Brown v. Lucky Stores*, 246 F.3d 1182, 1190 (9th Cir. 2001) quoting 42 U.S.C. § 12205. Attorney's fees under § 12205 should be awarded to a prevailing defendant only if "'the plaintiff's action was frivolous, unreasonable, or without foundation.'" *Id.* quoting *Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir. 1997).

Pursuant to Fed.R.App. P. 38, "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Attorney's fees incurred in connection with a frivolous appeal are considered "just damages" pursuant to Rule 38. *Erde v. Bodnar (In re Westwood Plaza N.),* 889 F.3d 975, 977 (9th Cir. 2018)*.*

Attorney's fees are also awardable by this Court pursuant to 28 U.S.C § 1927. *Blixseth v. Yellowstone Mt. Club, LLC*, 854 F.3d 626, 632 (9th Cir. 2017) Section 1927 provides that a court may include the excess "costs, expenses, and attorneys' fees" that the party victimized by the sanctionable conduct "incurred because of such conduct." *Id.*

# ARGUMENT
## I.
## <u>DEFENDANT IS ENTITLED TO AN AWARD OF ATTORNEY'S FEES</u>

A.    <u>Standards For An Award Of Attorney's Fees Under The ADA.</u>

A prevailing civil rights defendant may be awarded attorney fees under 42 U.S.C. § 12205 if the plaintiff's claim was frivolous, unreasonable, vexatious or groundless *ab initio*, or if the plaintiff continued to litigate after the claim clearly became so. *Hughes v. Rowe*, 449 U.S. 5, 14, 66 L. Ed. 2d 163, 101 S. Ct. 173 (1980) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 54 L. Ed. 2d 648, 98 S. Ct. 694 (1978)).  An action is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 104 L. Ed. 2d 338, 109 S. Ct. 1827 (1989).

A "vexatious suit" is a "lawsuit instituted maliciously and without good cause." *Molski v. Mandarin Touch Rest.*, 347 F. Supp. 2d 860, 864 (C.D. Cal. 2004) quoting Black's Law Dictionary 1596 (8th ed. 2004). "After examining Plaintiff's extensive collection of lawsuits, the Court believes that most, if not all, were filed as part of a scheme of systematic extortion, designed to harass and intimidate business owners into agreeing to cash settlements." *Id.*

"'Unreasonable' means '[n]ot guided by reason; irrational or capricious.'" *Advocates for Individuals with Disabilities, LLC v. MidFirst Bank*, 2018 U.S. Dist.

LEXIS 123795, at *11 (D. Ariz. July 24, 2018)(imposing § 1927 sanctions on

Strojnik). Bad faith is not required to award fees. *Christiansburg*, 434 U.S. at  at

419. However, "if a plaintiff is found to have brought or continued such a claim in

bad faith, there will be an even stronger basis for charging him with the attorney's

fees incurred by the defense." *Christiansburg Garment Co.*, 434 U.S. at 422. "Bad

faith is present when an attorney knowingly or recklessly raises a frivolous

argument or argues a meritorious claim for the purpose of harassing an opponent.

Tactics undertaken with the intent to increase expenses may also support a finding

of bad faith." *Advocates for Individuals with Disabilities, LLC v. MidFirst Bank*,

2018 U.S. Dist. LEXIS 123795, at *12-13 (D. Ariz. July 24, 2018)(imposing §

1927 sanctions on Strojnik).

B.     Assuming That Strojnik's Appeal Was Not Frivolous When Filed, It

       Became Frivolous On April 15, 2020.

       This Court's *Pasadena Robles* decision on April 15, 2020 is an "intervening

court decision" that required summary affirmance of the judgment appealed from

in *this* appeal for the very simple reason that the *Pasadena Robles* appeal involved

the identical complaint, right down to the way that Strojnik describes the alleged

"violations" on his "Addendum A." *See also*, *Strojnik v. Kapalua Land Co.*, 2019

U.S. Dist. LEXIS 165525 (D. Haw. Aug. 26, 2019), *aff'd* 801 F. App'x 531 (9th

-8-

Cir. Apr. 15, 2020), affirming dismissal of another of Strojnik's cookie cutter complaints without leave to amend.

*Four Sisters* is a carbon copy of *Pasadena Robles*. Even assuming that Strojnik could have had an arguably non-frivolous appeal – which is denied – on April 15, 2020, it was then clear to any reasonable lawyer (or disbarred lawyer) that the appeal then unquestionably lacked any merit after this Court decided *Pasadena Robles*. Attorney's fees are appropriate "if the plaintiff continued to litigate after the claim clearly became" frivolous, unreasonable, vexatious or groundless. *Hughes*, 449 U.S. at 14. Strojnik's appeal it lack an arguable basis in law or in fact at that time. *Neitzke*, 490 U.S. at 325. There was no legitimate, non-vexatious or reasonable reason why Strojnik could reasonably refuse to voluntarily dismiss his appeal in this case.

The surest proof of that unfortunate fact can be found in Strojnik's Opposition to the Motion for Summary Disposition. Strojnik essentially argued that the *Pasadena Robles* decision was decided wrongly, but considering that the sole basis of the Motion for Summary Disposition was that the outcome of the *Four Sisters* appeal was a foregone conclusion, Strojnik failed to identify any basis whatsoever for distinguishing the two appeals. His inability to point to any such basis shows what is clear from the two complaints – there is no such basis.

-9-

Indeed, this Court determined that the questions on which the decision in this appeal depends are so insubstantial as to not justify further proceedings. The court in *Strojnik v. IA Lodging Napa First, LLC*, the district court had this to say about Strojnik:

> Finally, a cursory review of other cases Strojnik has filed in this district reveals that he has filed essentially identical complaints against other entities that merely replace the defendant's name and other minor details. *See, e.g., Strojnik v. Joie de Vivre Hospitality LLC*, No. 18-cv-6587-JSC; *Strojnik v. Marriott Int'l Inc.*, No. 18-cv-6586-EDL; *Strojnik v. 574 Escuela, LLC*, No. 18-cv-6777-JD; *Strojnik v. Benchmark Conference Resorts of California*, LLC, No. 18-7704-VKD. Much like the complaint in this case, those complaints do not allege specific dates or details regarding the defendants' alleged ADA violations.
>
> Strojnik's form complaint and generic opposition brief raise the question of whether his pleadings are made in good faith or whether he is merely relying on the federal court's liberal policy of granting leave to amend. The number of other, essentially identical, complaints he has filed in this district raise a concern that Strojnik files bare-bones complaints that do not meet pleading standards in order to pressure ADA defendants into settlements before the court can reach the merits of his claims.

*Strojnik v. IA Lodging Napa First LLC*, 2020 U.S. Dist. LEXIS 32075, at *13-14 (N.D. Cal. Feb. 25, 2020). Accordingly, the issues raised in this appeal are so insubstantial that even assuming that this Court's affirmance in *Pasadena Robles* and *Kapalua Land Co.* were not dispositive of this appeal, the fact that 22 other district courts have dismissed Strojnik's complaints on the identical grounds as

-10-

those in *Pasadena Robles*, *Kapalua Land Co.*, *Four Sisters* and *Orangewood* show that the issues raised in this appeal were so insubstantial as to be frivolous, unreasonable or vexatious.

C.    Bad Faith Is Present Here.

In addition to refusing to dismiss the appeal in light of this Court's decision in *Pasadena Robles*, numerous courts have not only dismissed Strojnik's boilerplate complaints repeatedly prior to his filing his initial complaint in this case, but several courts have made specific findings that Strojnik's litigation tactics are baseless and harassing. Based thereon, two courts have found Strojnik to be a vexatious litigant in the Central District and in the Northern District.

Judge Selna has already made such a finding based on Strojnik's almost identical complaint filed in this case. As Judge Selna recently held,

> countless courts have questioned Strojnik's motives in pursuing the litigation and whether he has a good faith basis for his claims. This is based on the fact that he files near identical lawsuits, save a few photographs and name changes, in what is apparently an effort to pressure ADA defendants into settlements before courts can reach the merits. . . Strojnik should be very well aware of the type of conduct that is permissible, yet despite repeated questioning of his intentions, he continues to file countless ADA cases in an effort to obtain money from his victims . . . ***Strojnik's history contains countless filings of frivolous complaints and instances of directly ignoring court orders.***

*Strojnik v. SCG American Construction, Inc.*, 8:19-cv-01560-JVS-JDE (C.D.Cal.

April 19, 2020) (emphasis added). *See also*, *Strojnik v. Landry's Inc.*, 2019 U.S. Dist. LEXIS 223873, at *2 n.1 (S.D. Tex. Dec. 9, 2019)("Given the multiplicity of suits filed by Strojnik, which may suffer the same lack of standing issue addressed herein, it may be that Strojnik should be treated as a vexatious litigant."); *Strojnik v. IA Lodging Napa First LLC*, 2020 U.S. Dist. LEXIS 32075, at *13-14 (N.D. Cal. Feb. 25, 2020)("Strojnik's form complaint and generic opposition brief raise the question of whether his pleadings are made in good faith . . . The number of other, essentially identical, complaints he has filed in this district raise a concern that Strojnik files bare-bones complaints that do not meet pleading standards in order to pressure ADA defendants into settlements before the court can reach the merits of his claims."); *Advocates for Individuals with Disabilities LLC v. MidFirst Bank*, 279 F. Supp. 3d 891, 893 (D. Ariz. 2017) ("Template complaints filled with non-specific allegations have become the stock-in-trade of attorneys Peter Strojnik . . .This extortionate practice has become pervasive."); *Strojnik v. Host Hotels & Resorts*, 2020 U.S. Dist. LEXIS 92386 (D. Haw. May 26, 2020)("the court finds Plaintiff has acted in bad faith and granting leave to amend would be futile"). Strojnik's "meritless fee demands of $5,000 or more appear in all his template complaints, which he files to obtain a nuisance-value settlement. . . . 'A compromise for less than the costs of defense is a good working definition of

a nuisance-value settlement.'" *Advocates for Individuals with Disabilities, LLC v. MidFirst Bank*, 2018 U.S. Dist. LEXIS 123795, at *8 (D. Ariz. July 24, 2018).

In the court's second ruling in *IA Napa Lodging*, holding that Strojnik is a vexatious litigant and dismissing his First Amended Complaint with prejudice, the Court held that "Strojnik's litigation tactics are frivolous and harassing." *Strojnik v. IA Lodging Napa First LLC*, 2020 U.S. Dist. LEXIS 95738, at *36 (N.D. Cal. June 1, 2020). *See also*, *Advocates for Individuals with Disabilities, LLC v. MidFirst Bank*, 2018 U.S. Dist. LEXIS 123795, at *8 (D. Ariz. July 24, 2018):

> In 2017 the Legislature amended the AZDA fee provision to permit courts to "impose a sanction on a plaintiff or the plaintiff's attorney . . . *The amendment might as well have been called the Strojnik Amendment*.

*Advocates for Individuals with Disabilities, LLC v. MidFirst Bank*, 2018 U.S. Dist. LEXIS 123795, at *12 (D. Ariz. July 24, 2018)(emphasis added). Strojnik's actions in the trial courts raise a strong inference of bad faith in continuing to litigate the *Four Sisters* appeal, driving up costs and forcing Four Sisters to file a Motion for Summary Disposition.

## II.

## <u>THIS COURT CAN AND SHOULD ALTERNATIVELY AWARD SANCTIONS TO FOUR SISTERS</u>

-13-

Alternatively, Defendant requests that this Court impose sanctions against Strojnik pursuant to Fed. R. App. 38 or 28 U.S.C § 1927. Each is an independent justification for awarding Defendant all of its reasonable attorney's fees.

A.    Fees Under Rule 38.

Rule 38 allows an award of "just damages" if this Court determines that the appeal was or is frivolous.  An appeal is frivolous "when the result is obvious or the appellant's arguments are wholly without merit." *Glanzman v. Uniroyal, Inc.*, 892 F.2d 58, 61 (9th Cir. 1989) (citing Fed. R. App. P. 38).  Attorney's fees incurred in connection with a frivolous appeal are considered "just damages" pursuant to Rule 38.  *In re Westwood Plaza N.,* 889 F.3d at 977.  As discussed above, the appeal itself was frivolous when filed.  However, for the purpose of this Motion, it is only necessary that this Court determine that the continuation of the appeal was frivolous after this Court decided *Pasadena Robles* and *Kapalua Land Co.* on April 15, and Strojnik refused to dismiss this appeal pursuant to Four Sisters' request on April 18, 2020.  Indeed, this Court has already made a finding that "the questions raised in this appeal are so insubstantial as not to require further argument."  *Four Sisters*, *supra*.  This is the equivalent of a finding that the legal or factual contentions are "so weak as to constitute objective evidence of improper purpose." *Thomas v. Girardi*, 611 F.3d 1027, 1062 (9th Cir. 2010) ("That

is, in the contexts of § 1927, frivolousness should be understood as referring to legal or factual contentions so weak as to constitute objective evidence of improper purpose.").

Since there were no costs, Four Sisters only seeks its reasonable attorney's fees incurred in connection with the appeal as set forth in the Declaration of Philip H. Stillman filed concurrently herewith.

B.    28 U.S.C § 1927 Justifies An Award Of All Fees.

"Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.  Section 1927 may be applied to a *pro se* litigant. *Wages v. I.R.S.*, 915 F.2d 1230, 1235 (9th Cir. 1990).  Sanctions under § 1927 require a showing of at least recklessness, or conduct tantamount to bad faith. *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001).  "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent. Tactics undertaken with the intent to increase expenses may also support a finding of bad faith." *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989) (internal quotation marks and citations omitted).  *See also*, *Advocates for Individuals with*

-15-

*Disabilities, LLC v. MidFirst Bank*, 2018 U.S. Dist. LEXIS 123795, at \*12-13 (D. Ariz. July 24, 2018)(imposing § 1927 sanctions on Strojnik for similar conduct as in this case).  Section 1927 reaches the continuation of Strojnik's conduct in this case. "§ 1927 may shift the entire financial burden of an action's defense, including attorneys' fees, if the entire course of proceedings was unwarranted and should not have been commenced or pursued." *Blixseth*, 854 F.3d at 632.

In *Harrell v. Hornbrook Cmty. Servs. Dist.*, 2018 U.S. Dist. LEXIS 25351, at \*26 (E.D. Cal. Feb. 15, 2018)*,* the Court imposed § 1927 sanctions, similarly holding that "plaintiff, a serial litigator who knew better, continued prosecution of this lawsuit after a time it became unreasonable to do so, and in bad faith . . ."

In *Advocates for Individuals with Disabilities, LLC v. MidFirst Bank*, 2018 U.S. Dist. LEXIS 123795, at \*12-13 (D. Ariz. July 24, 2018), Strojnik's actions warranted sanctions against him under 28 U.S.C. § 1927 for bad faith prolongation of the proceedings. "His tactics had the sole purpose of increasing the expense of this litigation—to drive up its nuisance value so he could unethically extort excessive and unreasonable attorney fees for himself." *Id.*

Those statements dovetail perfectly with Judge Selna's finding that "Although Strojnik is a pro se litigant in this case, he is also a former attorney with vast knowledge and experience in the realm of ADA cases. Strojnik should be

very well aware of the type of conduct that is permissible, yet despite repeated questioning of his intentions, he continues to file countless ADA cases in an effort to obtain money from his victims." *Strojnik v. SCG America Construction Inc.,* Case No. 19-1560 JVS (JDE) (C.D.Cal. April 19, 2020).

The facts in this case are also consistent with the findings in *IA Lodging Napa First*: "In sum, the record demonstrates that Strojnik has continued to file formulaic complaints that fail to allege Article III standing, despite being on notice from multiple courts in every federal district in California that his pleading practices are inadequate. *Strojnik v. IA Lodging Napa First LLC*, 2020 U.S. Dist. LEXIS 95738, at *35 (N.D. Cal. June 1, 2020).

It should also come as no surprise that repetitively filing complaints that courts have rejected over and over again violates § 1927.  *See Zaldivar v. City of L.A.*, 780 F.2d 823, 830 (9th Cir. 1986), which although applying Rule 11, is equally applicable as a vexatious and harassing litigation tactic here: "In the present case, the district court noted that the issue raised by the plaintiffs in federal court had been rejected in a different case filed in state court. Without question, successive complaints based upon propositions of law previously rejected may constitute harassment under Rule 11." *Id.  Korotkova v. United States*, 990 F. Supp. 2d 324, 331 (E.D.N.Y. 2014).

"Although he is self-represented, he is no lay person. Given his long history and experience as a lawyer in disability access litigation which has resulted in significant judicial rulings on the issue of standing, he cannot base his pleading failures on a lack of knowledge or unfamiliarity with that legal doctrine." *Strojnik v. IA Lodging Napa First LLC*, 2020 U.S. Dist. LEXIS 95738, at *16 (N.D. Cal. June 1, 2020).

Strojnik has appealed four of these cases, all of which raise the same issues on appeal and two of which were resolved and are dispositive. Accordingly, sanctions are justified.

## III.
## ALL OF DEFENDANT'S ATTORNEY'S FEES SHOULD BE AWARDED AGAINST STROJNIK

In determining the amount of reasonable attorney's fees, this circuit uses the lodestar method of determining a reasonable attorney's fee award. *Widrig v. Apfel*, 140 F.3d 1207, 1209 (9th Cir. 1998)(citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). The lodestar is calculated by multiplying the number of hours the prevailing party "reasonably" expended in the litigation by a "reasonable" hourly rate. *Id.*

In support of this Motion, Defendant has submitted the Declaration of Philip H. Stillman, which not only establishes a reasonable hourly rate of $595 per hour

-18-

for lawyers of Mr. Stillman's skill and experience in the Los Angeles area, but also attaches a detailed itemization of the time spent on this case by attaching Mr. Stillman's computerized billing records for this case as Exhibit 4.

A.    The Reasonable Hourly Rate.

As set forth in the Stillman Declaration, Mr. Stillman has been litigating complex cases for over thirty years. $595 per hour is actually below the market rate for attorneys with his level of experience in the Los Angeles area.  For example, in *Hoffman v. Cty. of L.A.*, 2018 U.S. Dist. LEXIS 1162, at *20-23 (C.D. Cal. Jan. 3, 2018) the court found that a  reasonable hourly rate of $700 for attorney was appropriate for an attorney with 20 years experience in a civil rights action. *See also*, *Dowd v. City of Los Angeles*, 28 F. Supp. 3d 1019 (C.D. Cal. 2014) the Court found that $775 was a reasonable hourly rate for an attorney with 43 years of experience; *Rodriguez v. County of Los Angeles*, 96 F. Supp. 3d 1012 (C.D. Cal. 2014)($775 per hour for attorney with 10 years experience in extensive criminal work, $600 for associate with 10 years experience); *Smith v. Cnty. of Riverside*, 2019 U.S. Dist. LEXIS 170421, at *18 (C.D. Cal. June 17, 2019) (Reasonable hourly rates ranging from $720 for senior partner to $480 for 9th year

associate).[1]  Accordingly, considering that Mr. Stillman would be entitled to $700 or more per hour, $595 per hour is eminently reasonable.

B.      Reasonable Number Of Hours Expended.

As set forth above, Mr. Stillman is only seeking the time reasonably spent in connection with the Motion for Summary Disposition and the preparation of this Motion.  As set forth in the Stillman Declaration and the billing records attached thereto as Exhibit 4, Mr. Stillman reasonably expended 14.99 hours for the preparation of the Motion for Summary Disposition and the Motion for Attorney's Fees, which hours expended were both necessary and reasonable.

## CONCLUSION

For the foregoing reasons, defendant and appellee Four Sisters Inn, Inc. respectfully requests that this Court award Four Sisters $9,514.05 in reasonable attorney's fees.

Respectfully submitted this 10th day of July, 2020.

/s/ *Philip H. Stillman*

_____

Philip H. Stillman

---

[1] According to the Real Rate Report from September 2018, the rates for Los Angeles law firm litigation partners was $659 as of that publication date.  A copy of the September 2018 Real Rate Report is attached to the Stillman Declaration as Exhibit 5.

# CERTIFICATE OF COMPLIANCE

Pursuant to Ninth Circuit Rule 27(d)(2)(A), I certify that the foregoing Motion to Dismiss Appeal is proportionally spaced in serif font (Times New Roman style), has a typeface of 14 points, and contains 4,592 words, excluding the parts of the brief exempted by Rule 27(a)(2)(B). This Motion was prepared using WordPerfect and the word court was determined using the Corel WordPerfect word count application.

July 10, 2020                                    /s/ *Philip H. Stillman*

                                                 Philip H. Stillman, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of July, 2020 I electronically served the foregoing on all counsel of record via the ECF system and via email to the Appellant at the email address listed with the Court.

/s/ *Philip H. Stillman*

Philip H. Stillman