# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Case No. 19-56523

### PETER STROJNIK, SR.

### Appellant

### v.

### FOUR SISTERS INN, INC.
### Defendant and Appellee.

## APPELLEE'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES

Philip H. Stillman, Esq.
STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
Miami Beach, Florida 33140
Telephone: (888) 235-4279
Facsimile: (888) 235-4279
pstillman@stillmanassociates.com

*Attorneys for Defendant and Appellee*

Pursuant to Local Circuit Rule 39-1.6, appellee Four Sisters Inn, Inc. moved this Court for an award of attorney's fees incurred in connection with Four Sisters' Motion for Summary Disposition of appellant Peter Strojnik's appeal, which motion was granted by this Court on June 26, 2020. Four Sisters only seeks an award of attorney's fees against Strojnik for its reasonable attorney's fees incurred in preparing its Motion for Summary Disposition, prepared after Strojnik refused to voluntarily dismiss his appeal in light of this Court's controlling decision in *Strojnik v. Pasadena Robles Acquisition*, No. 19-56037, 2020 U.S. App. LEXIS 11896 (9th Cir. Apr. 15, 2020) affirming the District Court's (Birotte, J) dismissal with prejudice of appellant Peter Strojnik's virtually identical complaint.

Like two ships passing in the night, appellant Peter Strojnik's Opposition to Four Sisters' Motion for attorney's fees apparently mistakes the Motion for Attorney's Fees – which is limited to the fees incurred for Four Sisters' successful Motion for Summary Disposition – as one seeking attorney's fees in connection with Four Sisters' successful defense of the Complaint in the district court. Instead of cogently explaining why he had a good faith belief that the result of this case should be different from this Court's decision in *Pasadena Robles*, Strojnik focuses solely on whether or not his complaint <u>in the District Court</u> was frivolous, unreasonable or vexatious. Strojnik fails to address the actual basis for the award

-1-

of attorney's fees in this Court, *i.e.,* that after this Court's decision in the related *Strojnik v. Pasadena Robles Acquisition*, No. 19-56037, 2020 U.S. App. LEXIS 11896 (9th Cir. Apr. 15, 2020), his appeal in this case became totally without merit and Strojnik had an obligation to dismiss his appeal at that time.

Noticeably absent from Strojnik's Opposition is any discussion of why he thought that his appeal in this case had any merit after this Court's ruling in *Pasadena Robles*, why he refused to dismiss the appeal when requested to do so after this Court's decision in *Pasadena Robles*, or why, even after he received Four Sisters' Motion for Summary Disposition, he continued to litigate this appeal in good faith. In fact, Strojnik fails to explain to this Court why, in his Opposition to the Motion for Summary Disposition, he did not even attempt to distinguish the *Pasadena Robles* appeal from this case or argue that as a result of any difference between the two cases, a different result should be reached in this case. Instead, Strojnik simply ignored the actual reasons for an award of attorney's fees in connection with this appeal and failed to present anything to support a conclusion that the result of this case was anything but a foregone conclusion as of this Court's decision in *Pasadena Robles*.

Not only did Strojnik not discuss the pertinent issues raised in the Motion for Summary Disposition or the Motion for Attorney's Fees, but in his Opposition

to the Motion for Attorney's Fees, he also failed to discuss Fed. R. App. P. 38 or explain why the maintenance of his appeal was not vexatious and unreasonable in violation of 28 U.S.C § 1927. It is not enough to argue that his complaint in the district court was not frivolous or vexatious (and it was both). Strojnik had to explain why his conduct <u>in this appeal</u> was not so.

In addition to his failure to address those substantive issues, Strojnik also does not dispute either the reasonable hourly rate set forth in the Stillman Declaration or the reasonable number of hours expended. Accordingly, Strojnik has conceded the propriety of the lodestar calculation in this case.

Strojnik's main argument appears to be that attorney's fees are not warranted because Four Sisters was not the prevailing party. *See* Opposition, p. 5. However, that argument is itself frivolous, given that (1) Four Sisters prevailed in the District Court and (2) prevailed in this appeal. The unstated but implied theory that a party who successfully obtains a dismissal for lack of subject matter jurisdiction is not a prevailing party for the purpose of an award of attorney's fees was rejected by this Court in *Amphastar Pharm. Inc. v. Aventis Pharma SA*, 856 F.3d 696, 709-10 (9th Cir. 2017), which held exactly that. Accordingly, all of the attorney's fees sought should be awarded.

## CONCLUSION

Since Strojnik has not substantively addressed the issues raised in the Motion for Attorney's Fees, appellee Four Sisters, Inc. otherwise relies on its Motion for Attorney's Fees, and for the foregoing reasons, defendant and appellee Four Sisters Inn, Inc. respectfully requests that this Court award Four Sisters $9,514.05 in reasonable attorney's fees.

Respectfully submitted this 30th day of July, 2020.

/s/ *Philip H. Stillman*

_____
Philip H. Stillman

## CERTIFICATE OF COMPLIANCE

Pursuant to Ninth Circuit Rule 27(d)(2)(A), I certify that the foregoing Motion to Dismiss Appeal is proportionally spaced in serif font (Times New Roman style), has a typeface of 14 points, and contains 766 words, excluding the parts of the brief exempted by Rule 27(a)(2)(B). This Motion was prepared using WordPerfect and the word court was determined using the Corel WordPerfect word count application.

July 30, 2020 /s/ *Philip H. Stillman*
Philip H. Stillman, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of July, 2020 I electronically served the foregoing on all counsel of record via the ECF system and via email to the Appellant at the email address listed with the Court.

/s/ *Philip H. Stillman*

Philip H. Stillman